### KRIKORIAN v. PREISER.

(Supreme Court, Appellate Term.   March 5, 1909.)

SALES (§ 441*)—WARRANTY OF QUALITY—EVIDENCE.
    Evidence *held* insufficient to show a warranty of quality in a sale of canned tomatoes.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 441.*]
    Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Tatios Krikorian against Leopold Preiser. From a Municipal Court judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Alfred R. Bunnell, for appellant.
Adolph Stern, for respondent.

GILDERSLEEVE, P. J. The action is to recover damages for a breach of warranty arising out of the sale by the defendant to the plaintiff of a quantity of canned tomatoes. The answer is a general denial. The trial court awarded judgment to the defendant, and the plaintiff appeals.

It appears from the testimony that after some dickering the plaintiff agreed to purchase the tomatoes at 80 cents per dozen cans and undertook to cart the goods to his own place. The plaintiff testifies that he then returned to his own place "and made a check, and sent

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

my man over there to buy 25 cases of tomatoes." This transaction took place on August 7, 1908. Five days thereafter plaintiff wrote defendant a letter to the effect that the tomatoes were "no good" and demanded back the check he had given in payment. The check was not returned, and the plaintiff, as we have seen, brought this action to recover damages for a breach of warranty. There is some conflict of testimony. The result depended upon the view of the evidence taken by the trial judge. After a careful reading of the evidence, I am satisfied that the trial court was justified in holding that the plaintiff failed to sustain the burden of proving the existence of a warranty. The judgment should not be disturbed.

Judgment affirmed, with costs to the respondent.

MacLEAN, J., concurs.

DAYTON, J. (dissenting). The goods sold and paid for were unmarketable and condemnable by the board of health. Within five days, after the purchase, Sunday included, plaintiff offered to return them and demanded the purchase price. These facts are undisputed. The goods were a "described article" in tin cases. On their delivery it became plaintiff's "duty to act with reasonable promptness, inspect the entire consignment in the manner allowed by the custom of the trade, and if it proved unsatisfactory to rescind the contract and offer to return the goods." Waeber v. Talbot, 167 N. Y., at page 55, 60 N. E. 288, 82 Am. St. Rep. 712. Plaintiff acted within this rule.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.